GLORIA JEANETTE CHAPPELL MONDS v. JAMES OLIVER MONDS

No. 791DC942

(Filed 15 April 1980)

**Divorce and Alimony § 21.3— enforcement of alimony award—sufficiency of evidence to support findings**

In a hearing on plaintiff's motion to compel defendant to comply with a child support and alimony order, evidence was sufficient to support the trial court's findings that (1) defendant was able-bodied, earned $125 per week as an employee of his son-in-law, had not sought other employment, had decreased his indebtedness during the previous year by $8000 and his net worth was therefore greater, and was possessed with the means and was able to comply with the orders of the court, and (2) defendant had willfully failed to comply with prior support orders.

APPEAL by defendant from *Chaffin, Judge.* Order entered 26 June 1979 in District Court, CHOWAN County. Heard in the Court of Appeals 4 March 1980.

This action was brought by plaintiff Gloria Monds to require defendant to show cause why he should not be punished for contempt of court for his failure to abide by the terms set forth in two previous court orders. Plaintiff, in June 1978, petitioned for alimony pendente lite, child custody, child support and counsel fees. The court granted plaintiff's motion, and on 15 June 1978 ordered defendant *inter alia* to:

a. Pay plaintiff $350 per month as child support;

b. Maintain a hospital insurance plan for the couple's minor children;

c. Pay plaintiff $300 per month as alimony pendente lite;

d. Pay an annuity on the homeplace so as to insure the minor children's occupancy; and

e. Pay plaintiff's counsel $369.50 for legal services.

As of January 1979, defendant had not complied with the terms of the order set out above. On 2 January 1979, another order was signed apparently granting plaintiff a divorce from bed and board and amending the order by directing defendant to:

a. Pay plaintiff $125 per month for her support;

b. Pay plaintiff's counsel $900 for legal services; and

c. Reimburse plaintiff for all of her court costs.

Defendant failed to comply with the second order, and on 24 March 1979 plaintiff made motion before the court requesting that ". . . defendant be ordered to comply in all particulars . . ." with the June 1978 judgment as amended by the 1979 judgment. On 26 June 1979, the trial court granted plaintiff the relief she requested and held defendant in contempt of court, with the proviso that defendant could purge himself by paying the total arrearage of $5,994.50 and by complying with the two former judgments. Defendant appealed.

*Twiford, Trimpi & Thompson, by Jack H. Derrick, for plaintiff appellee.*

*Earnhardt & Busby, by Max S. Busby, for defendant appellant.*

HILL, Judge.

Defendant first assigns as error four of the trial court's findings of fact, contending they are not supported by the evidence. This Court is bound by the trial court's findings where there is competent evidence to support them. *Scott v. Shackleford,* 241 N.C. 738, 86 S.E. 2d 453 (1955). "If different inferences may be drawn from the evidence, [the judge sitting without a jury] determines which inferences shall be drawn . . .", and the findings are binding on the appellate court. *Williams v. Insurance Co.,* 288 N.C. 338, 342, 218 S.E. 2d 368 (1975).

The trial court found as fact that defendant is able-bodied, earns $125 per week as an employee of his son-in-law and that defendant has not sought any other employment. Defendant contends the finding is in error because of evidence that he did talk to one man about a farming job. We find no error. The conversation was casual at best. Defendant has not made a genuine effort at finding any work other than that at which he is presently engaged. The trial court's finding of fact was proper.

Defendant excepts to the trial court's finding of fact that ". . . the defendant's net worth as indicated by his own financial statements . . . is greater now than at the time of . . . trial . . . and

that his total outstanding indebtedness has decreased markedly
. . . ." Evidence presented at trial showed defendant's in-
debtedness decreased from $39,651.50 on 26 April 1978 to $31,711
on 13 April 1979. The evidence, which was competent, clearly
shows a decrease in defendant's indebtedness and an increase in
his net worth as that term is commonly understood.

Defendant excepts to the trial court's finding of fact that he
". . . was possessed with the means to comply with the orders of
. . ." the trial court, has been able, and continues to be able to
comply with the trial court's orders. We find no error in the find-
ing. It is true that defendant presently works as a laborer for the
sum of only $125 per week. It is interesting to note, however, that
defendant works for his son-in-law who at one time worked for
defendant at $125 per week. Furthermore, the son-in-law and
defendant's daughter have purchased a store in Elizabeth City
and own farming equipment that defendant purchased in 1977 for
$376,000.

A person is in continuing civil contempt as long as he has the
ability ". . . to take reasonable measures that would enable him to
comply with the order," G.S. 5A-21(3), and fails to do so.

Defendant is an able-bodied man who is capable of earning
more than $500 per month. Defendant rents farmland to his son at
$1,500 per year, and in 1978 had a short-term gain of $26,000 on a
floating loan. Defendant transferred valuable farm equipment to
his father in exchange for his father's assumption of indebtedness
on the equipment. That equipment has passed back to defendant
since his father's death and then on to defendant's daughter and
son-in-law. No consideration was given for the final transfer ex-
cept the assumption of the debt on the equipment. We find that
despite the fact that much of defendant's property is heavily en-
cumbered, the trial court did not err in its finding that he is able
to comply with the support order.

In his second assignment of error defendant contends the
trial court erred in its conclusion of law that defendant has wilful-
ly failed to comply with the prior support orders. We find no
error. On 15 June 1978, plaintiff was subject to the first court
order. Since that time, defendant has divested himself of
farmland — claiming a gain of $18,549 and shifting indebtedness on
the land to his father. He sold valuable machinery, taking a loss

for tax purposes of $12,002 and shifted indebtedness on the property to his father. In total, defendant's father paid at least $52,826 of the indebtedness. Furthermore, defendant has erected a $25,000 building on farmland leased to his daughter and son-in-law and retired at least $5,000 of his indebtedness. Other facts upon which the trial judge based his conclusion have been set forth above. The conclusion was based on findings of fact supported by competent evidence. Defendant's second assignment of error is overruled.

Defendant's third assignment of error is vaguely worded. Defendant appears to contend that the trial judge failed properly to interpret the evidence and that the order is not supported by the evidence. When the trial judge sits as the jury, ". . . the court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." (Citation omitted.) *Williams, supra* at 342. There was sufficient competent evidence to support the trial court's findings. The findings of fact supported the judgment. Defendant's third assignment of error is overruled.

Defendant's fourth assignment of error alleges error in the entry of the trial court's order in that the findings of fact are not supported by the evidence, the conclusions of law are not supported by findings, and the findings and conclusions are insufficient to support the order. Such an exception is a broadside exception and as such is ineffectual except to present the question of whether the facts found support the judgment and whether error of law appears on the face of the record. *City of Kings Mountain v. Cline,* 281 N.C. 269, 188 S.E. 2d 284 (1972). The facts as found are sufficient, and there is no error on the face of the record. Defendant's fourth assignment of error is overruled.

The order of the trial court is

Affirmed.

Judges PARKER and MARTIN (Harry C.) concur.