DELORES WHITE v. ANTHONY J. WHITE

No. 8712DC1013

(Filed 21 June 1988)

**Divorce and Alimony § 25.9— child custody—change of circumstances—evidence sufficient**

> The trial court did not err by concluding that there had been a substantial change in circumstances which affected the welfare of the child and which warranted a modification of custody where the evidence before the court was uncontested, plaintiff admitted that she had had two illegitimate children since her divorce from defendant and that she had insufficient income to provide for herself and three children, and there was evidence that the minor child was becoming difficult to control and was not receiving adequate supervision from plaintiff.

APPEAL by plaintiff from *Hair, Judge.* Order signed 19 August 1987 in District Court, CUMBERLAND County. Heard in the Court of Appeals 9 March 1988.

On 19 February 1987, defendant filed a motion in the cause for a modification of a custody order pursuant to N.C.G.S. § 50-13.7 requesting that custody of his minor child be transferred from plaintiff to defendant and alleging changed circumstances. This matter was heard on 7 July 1987. The court entered an order modifying the previous order of 11 December 1984. Primary custody of the minor child was given to defendant with reasonable visitation to plaintiff.

A petition for writ of supersedeas was filed 9 July 1987, and a motion for temporary stay was allowed on 13 July 1987. That order was dissolved on 29 July 1987.

The evidence presented on 7 July 1987 consisted largely of testimony from plaintiff and defendant and showed the following:

Plaintiff and defendant were married on 20 June 1981. One child was born to the marriage on 30 November 1981. The parties separated on 8 June 1983 and were divorced on 11 December 1984. Plaintiff took physical custody of the minor child at the time of separation from defendant pursuant to a separation agreement which was incorporated into the divorce judgment.

Since the parties' separation in 1983, defendant has been stationed in England with the United States Air Force. He visited the minor child in 1984 for two weeks and in 1986 for two weeks. Defendant remarried in 1985. He and his present wife have a baby and live near London. Defendant will be stationed in England two more years. Defendant pays $200 a month child support to plaintiff and has done so since 1984. From May 1983 to April 1984, defendant did not pay regular support.

Plaintiff currently resides in a duplex apartment in Cumberland County with the minor child and two younger children, ages eighteen months and four months. The two younger children were born to plaintiff and her boyfriend, Robert L. Wright. Mr. Wright does not live with plaintiff but pays $133 a month child support for his two children.

Plaintiff acknowledged that she was laid off from her job at Len-Hal where she worked for two years. Two of plaintiff's neighbors testified to her fitness as a mother.

At the close of the evidence, the trial court made the following findings of fact and conclusions of law:

> VII. That Plaintiff and the minor child reside in an apartment off of Cliffdale Road, in Cumberland County, North Carolina and near the Mini Ranch trailer park; that prior to moving into the apartment the Plaintiff occupied a mobilehome [sic] in said mobilehome [sic] park.

> VIII. That Plaintiff has had a frequent visitor in her home, one Robert Lee Wright, a married man with whom the Plaintiff has been cohabiting; that as a result of said cohabitation, the Plaintiff, since the separation of the Plaintiff and Defendant, has had two children out of wedlock, one now be-

ing eighteen months old and one now being four months old; that the Plaintiff continues to see and cohabit with the said Robert Lee Wright in Plaintiff's home.

IX. That Plaintiff was formerly employed at Len Hal a sewing factory, but lost her job in January of 1987; Plaintiff has been unemployed since that time, although she has been receiving the sum of $200.00 per month as child support from the Defendant, and the sum of approximately $130.00 per month from the said Robert Lee Wright for the support of the two children born out of wedlock; that Plaintiff has been supporting herself and the minor children, apparently on a total, of $330.00 per month; that Plaintiff's electrical utilities and rent payment total $270.00 per month; that Plaintiff has no phone in her residence, and provides for food, clothing, transportation and other expenses for herself and her minor children from the remaining $60.00 a month income.

X. That the Defendant is an E-6 in the United States Air Force and continues to be stationed in England; that since the entry of the previous Order the Defendant has remarried and his present wife has a college degree in special education; that she is employed with the United States Defense Department in England as a school teacher; that Defendant has a child by his new wife; that since 1983 the minor child has spent approximately 3 months with Defendant's parents on another occasion; that during a portion of these times the Defendant had the opportunity to visit with and maintain his relationship with the minor child; that on another occasion when Plaintiff's father died, and she was in England, Defendant had the opportunity of having said child visit with him in his home for a period of time.

XI. That Defendant is purchasing a home in a community approximately 55 miles west of London and has ample room for his wife and children; that he lives in close proximity to medical facilities, both American and English. That the minor child would attend the same school where Defendant's wife is employed; that Defendant has presented to the court a child care plan that is proper and beneficial to the minor child at the present time.

XII. That as an E-6 in the United States Air Force the Defendant has an income in excess of $1,500.00 per month, and has the financial capability of providing a home and proper facilities for the minor child; that Defendant, and his present wife have expressed their desire to assume custody of said child and assume the responsibility for her care and maintenance.

XIII. That Defendant is fit and proper person to have the care and custody of the minor child, and it is in the best interest of said minor child at this time, that custody be placed with Defendant, and that Plaintiff be allowed reasonable visitation privileges.

CONCLUSIONS OF LAW

(1) That this Court has the right, under the provisions of G.S. 50A and G.S. 50-13.7, to exercise jurisdiction in the determination of the custody and support of the minor child, and this Court should assume jurisdiction to make a determination.

(2) That there has been a substantial and material change of circumstances of the parties since the entry of the previous order of this Court.

(3) That as a result in the change of circumstances, the welfare of the child will be adversely affected unless the custody provisions are modified.

(4) That the award of the custody of the minor child to the Defendant at this time will best promote the interest and welfare of the said child.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED AS FOLLOWS:

1. That the previous order of this Court, dated the 11th day of December, 1984, is hereby modified as follows:

a. That the custody of the minor child born of the marriage is hereby awarded to the Defendant.

b. That the Plaintiff is hereby granted reasonable visitation privileges with the minor child.

c. That the previous order of the court directing the payment of child support by the Defendant is hereby modified and said provision for payment of child support is terminated.

From this order, plaintiff appeals.

*Hedahl & Radtke, by Debra J. Radtke, attorney for plaintiff-appellant.*

*No brief for defendant-appellee.*

ORR, Judge.

Plaintiff contends that the trial court erred by concluding that there had been a substantial change in circumstances which affected the welfare of the child which warranted a modification of custody. The basis of plaintiff's contention is that the findings of fact do not support that conclusion, and thus the trial court erred by ordering custody transferred to defendant.

Under N.C.G.S. § 50-13.7(a) "an order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested."

It is well established law in this state that a substantial change in circumstances affecting the welfare of a child must be supported by findings of fact based on competent evidence. *See e.g. Tucker v. Tucker,* 288 N.C. 81, 216 S.E. 2d 1 (1975); *Kelly v. Kelly,* 77 N.C. App. 632, 335 S.E. 2d 780 (1985). The "trial judge's findings of fact in custody Orders are binding on the appellate courts *if supported by competent evidence." Blackley v. Blackley,* 285 N.C. 358, 362, 204 S.E. 2d 678, 681 (1974) (emphasis supplied and citations omitted).

The trial court is in the best position to determine what is in the best interests of the child. *Wehlau v. Witek,* 75 N.C. App. 596, 599, 331 S.E. 2d 223, 225 (1985) (citations omitted). It is a difficult determination and one made by observing the witnesses and weighing the evidence.

We believe that the trial court had sufficient evidence to support its findings of fact and that those findings supported the trial court's conclusion of law. The evidence before the court was

uncontested. Plaintiff admitted that she has had two illegitimate children since her divorce from defendant (Finding of Fact No. VIII) and that she currently has insufficient income to provide for herself and three children (Finding of Fact No. IX).

We hold that these findings are sufficient for the trial court to conclude that there was a substantial change in circumstances under N.C.G.S. § 50-13.7 and that the trial court did not err in transferring custody of the minor child to defendant.

The birth of two additional children within two years to an unmarried woman clearly constitutes a substantial change of circumstances. In addition, plaintiff's loss of her job and the resulting financial strain further supports such a finding. Plaintiff testified that she can provide for the children. However, the trial court found that the weight of the evidence was otherwise, and no additional proof of financial or other resources other than child support was introduced by plaintiff.

From the evidence before us, the trial court properly concluded that the welfare of the minor child in question would be "adversely affected unless the custody provision is modified . . . ." *Daniels v. Hatcher*, 46 N.C. App. 481, 483, 265 S.E. 2d 429, 431 (1980) (citation omitted).

There was evidence that the minor child was becoming difficult to control and was not receiving adequate supervision from plaintiff. Further, the evidence established that plaintiff could not meet the financial needs of herself and three children on $333 a month.

Plaintiff argues that she is being denied custody of her child because defendant has a greater income. We disagree. Defendant's income and stable home environment simply provide part of the basis for determining that the child's best interests and welfare will be promoted by awarding custody to defendant.

Collectively, the evidence supports the findings and the findings support the conclusions of law. *Woncik v. Woncik*, 82 N.C. App. 244, 346 S.E. 2d 277 (1986).

Affirmed.

Chief Judge HEDRICK and Judge JOHNSON concur.