EDWARD L. GARRISON, DIRECTOR, PITT COUNTY DEPARTMENT OF SOCIAL SERVICES, EX REL. LOIS ANN WILLIAMS, PLAINTIFF v. PAUL CONNOR, JR., DEFENDANT

No. COA95-610

(Filed 18 June 1996)

**Divorce and Separation § 431 (NCI4th)— child support—15% presumption—showing of changed circumstances by other means not required**

The presumption allowing modification of a child support order which is at least three years old when there is a disparity of 15% or more between the amount of support payable under the original order and the amount owed under the Child Support Guidelines based on the parties' current income and expenses in the Revised 1994 Child Support Guidelines was intended to eliminate the necessity that the moving party show change of circumstances by other means when he or she has presented evidence which satisfies the requirements of the presumption. The creation of this presumption is within the scope of the Conference of Chief District Judges' legislative mandate to ensure that application of the Guidelines results in adequate child support awards and is consistent with the requirements of the Family Support Act.

**Am Jur 2d, Divorce and Separation §§ 1018-1021, 1078, 1079.**

**Change in financial condition or needs of parents or children as ground for modification of decree for child support payments. 89 ALR2d 7.**

Appeal by defendant from order entered 17 February 1995 by Judge David A. Leech in Pitt County District Court. Heard in the Court of Appeals 27 February 1996.

*Pitt County Legal Department, by Associate County Attorney Pamela Weaver Best and Staff Attorney Amy K. Cooney; and R. Erika Churchill; for plaintiff-appellee.*

*W. Gregory Duke for defendant-appellant.*

GARRISON v. CONNOR

[122 N.C. App. 702 (1996)]

WALKER, Judge.

Plaintiff and defendant are the biological parents of twin sons born 20 April 1982. On 3 April 1985, defendant entered into a voluntary support agreement and order in which he agreed to pay plaintiff $25.00 per week in child support. On 3 October 1994, plaintiff filed a motion to increase the amount of child support in the original order. As grounds for her motion, plaintiff stated:

3. Upon information and belief, it is alleged the Defendant now has an income of $1,993.18, which is a substantial increase in income from the date of the [original] order . . . .

4. At the time this action was instituted, the reasonable expenses necessary to meet the needs of the minor child(ren) . . . were much less than they are at the present time. The reasonable expenses for the health, education, maintenance and welfare of the minor child(ren) . . . exceed $465.22.

5. There has been a substantial change of circumstances warranting an increase in the amount of the defendant's child support obligation.

In addition to a monetary increase, plaintiff requested that defendant be required "to add the minor child(ren) . . . as beneficiary(ies) to any health insurance policy provided to the Defendant by his employer, if such addition can be done at a reasonable cost to the Defendant" and "to pay one-half of all uninsured medical bills of the minor children, for as long as Defendant is required to pay child support."

Following a hearing at which both parties were present and represented by counsel, the trial court entered an order finding as follows:

4. When the Order of child support . . . was entered herein, the Defendant had an income that was less than it is at this time. At the present time, the Defendant earns a gross monthly salary of $1,993.18 through his employment . . . .

5. The Defendant testified that he did not remember how much he earned in 1985 but that he has had salary increases since that time.

. . .

7. There has been a substantial change of circumstances warranting an increase in the amount of Defendant's child support

**GARRISON v. CONNOR**

[122 N.C. App. 702 (1996)]

obligation based on the fact that the Order is more than three (3) years old and the amount of child support owed under the new guidelines is more than a 15% increase over the original order.

Based on these findings, the court concluded as a matter of law that there had been a substantial change of circumstances warranting an increase in defendant's child support obligation and ordered that defendant's child support obligation be increased to $490.00 per month beginning 1 January 1995. The court also ordered defendant to add the minor children to his health insurance policy if such could be done "at no extra cost" to defendant. However, the court did not order that defendant be responsible for any portion of uninsured medical expenses incurred on behalf of the minor children.

An order for support of a minor child may be modified at any time upon a showing by the moving party of changed circumstances. N.C. Gen. Stat. § 50-13.7 (1995). It is evident from Finding of Fact 7 of the court's order that in finding a change of circumstances warranting an increase in defendant's child support obligation, the court relied on the 1994 revision of North Carolina's Child Support Guidelines (the Guidelines), which includes the following provision:

> In any proceeding to modify an existing [child support] order which is three years old or older, a deviation of 15% or more between the amount of the existing order and the amount of child support resulting from application of the Guidelines shall be presumed to constitute a substantial change of circumstances warranting modification. If the order is less than three years old, this presumption does not apply.

We have not found any interpretation of this provision by our courts, and the parties differ as to its meaning. Defendant argues that this provision notwithstanding, plaintiff failed to meet her burden of showing a substantial change of circumstances because she did not present evidence that the needs of the children had increased since the entry of the original order. Plaintiff acknowledges that under N.C. Gen. Stat. § 50-13.7, she has the burden of showing a change of circumstances; however, she claims she has met this burden by demonstrating that the facts of this case fall within the above provision.

In 1988, Congress enacted the Family Support Act (FSA), P.L. 100-485. The FSA required all states to establish, by law or by judicial administrative action, a set of mandatory, presumptive child support guidelines. 42 U.S.C. 667 (1988). In North Carolina, the legislature del-

GARRISON v. CONNOR

[122 N.C. App. 702 (1996)]

egated this responsibility to the Conference of Chief District Judges (the Conference) by the enactment of N.C. Gen. Stat. § 50-13.4(c1), which provides:

> Effective July 1, 1990, the Conference of Chief District Judges shall prescribe uniform statewide presumptive guidelines for the computation of child support obligations of each parent as provided in Chapter 50 or elsewhere in the General Statutes and shall develop criteria for determining when, in a particular case, application of the guidelines would be unjust or inappropriate .... The purpose of the guidelines and criteria shall be to ensure that payments ordered for the support of a minor child are in such amount as to meet the reasonable needs of the child for health, education, and maintenance ....

N.C. Gen. Stat. § 50-13.4(c1) (1989 & Cum. Supp. 1995). Pursuant to this authority, the Conference enacted mandatory presumptive child support guidelines effective 1 July 1990.

N.C. Gen. Stat. § 50-13.4(c1) also states:

> Periodically, but at least once every four years, the Conference . . . shall review the guidelines to determine whether their application results in appropriate child support award amounts. The Conference may modify the guidelines accordingly . . . . Any modifications of the guidelines or criteria shall be reported to the General Assembly by the Administrative Office of the Courts before they become effective ....

N.C. Gen. Stat. § 50-13.4(c1) (1989 & Cum. Supp 1995). In keeping with its statutory mandate, the Conference revised the Guidelines in 1991 and again in 1994. Included in the 1994 revisions was the presumption at issue here allowing modification of a child support order which is at least three years old when there is a disparity of 15% or more between the amount of support payable under the original order and the amount owed under the Guidelines based on the parties' current income and expenses (the 15% presumption). We find the creation of this presumption to be within the scope of the Conference's legislative mandate to ensure that application of the Guidelines results in adequate child support awards.

The Conference's action in creating the 15% presumption is also consistent with the requirements of the FSA. One of the primary purposes of the FSA is to ensure that child support awards remain adequate over time. See, e.g., 45 C.F.R. 302.56(e) (1996) (requiring states

to review their child support guidelines every four years "to ensure that their application results in the determination of appropriate child support award amounts"); 45 C.F.R. 303.8(c)(4) (1996) (requiring that all states implement a process for reviewing, at least once every three years, child support orders in cases handled by state or local child support enforcement agencies (IV-D cases)). The United States Department of Health and Human Services, which adopted the regulations implementing the review and adjustment requirements of the FSA, recognized that these requirements would conflict with state laws requiring proof of changed circumstances for modification or adjustment of child support orders, stating that the FSA

> signals a need for States to at least expand, if not replace, the traditional "change in circumstances" test as the legal prerequisite for changing the amount of child support to be paid, by making State guidelines the presumptively correct amount of support to be paid.

57 Fed. Reg. 61,559, 61,560 (1992).

In light of the foregoing, it is apparent that the inclusion of the 15% presumption in the revised Guidelines was intended to eliminate the necessity that the moving party show change of circumstances by other means when he or she has presented evidence which satisfies the requirements of the presumption. In addition, as the facts of the present case illustrate, the 15% presumption in the Guidelines provides a much-needed incentive for custodial parents and child support enforcement agencies to periodically review existing child support orders to ensure that they continue to reflect the proper balance between the needs of the child(ren) and the parents' ability to pay.

Plaintiff here presented evidence satisfying the requirements of the 15% presumption, and defendant presented no evidence. We therefore hold that under the Guidelines as revised in 1994, plaintiff has shown a change of circumstances sufficient to warrant an increase in defendant's child support obligation. The order of the trial court is

Affirmed.

Judges EAGLES and JOHN concur.