CHARLENE H. WILLARD, Plaintiff-Appellant v. GARRY A. WILLARD, III, Defendant-Appellee

No. COA97-1129

(Filed 7 July 1998)

1. **Child Support, Custody, and Visitation— modification of child support—substantial change in circumstances—15% presumption of Guidelines**

    The trial court properly concluded that defendant had shown a substantial and material change of circumstances warranting a reduction in his child support obligation where defendant presented evidence that the consent order establishing his obligation was more than three years old, that there was a deviation of more than 15% between the amount of child support he was paying and the amount of child support resulting from the application of the Guidelines, and this evidence was credible. The 15% presumption created by the Guidelines applies whether the moving party seeks an increase or decrease in his or her obligation.

### 2. Child Support, Custody, and Visitation— child support— amount—findings

A child support modification was remanded for further findings where the court found that an application of the Guidelines demonstrated an obligation of $511 per month, granted plaintiff's motion to deviate from the Guidelines and increase defendant's payment to $700 per month, made extensive findings with respect to the children's needs and the parties' ability to pay, but made no findings as to how it arrived at $700 as the amount.

Appeal by plaintiff from order entered 18 March 1997 by Judge Fred Morelock in Wake County District Court. Heard in the Court of Appeals 2 June 1998.

*Hopper & Mathews, L.L.P., by Gary S. Lawrence and Allison M. Mathews, for plaintiff appellant.*

*Stephanie L. Mitchiner for defendant appellee.*

HORTON, Judge.

Plaintiff Charlene H. Willard appeals an order of the trial court granting defendant Garry A. Willard, III's motion to modify his child support obligation. Plaintiff and defendant were married on 12 August 1972. Two children were born to their marriage: Courtney, on 12 March 1980, and Alyssa, on 24 August 1982. The parties separated in 1983 and entered into a Separation Agreement on 7 March 1985 and a Consent Order on 8 March 1985. The Consent Order provided in part that defendant initially pay $700.00 per month as child support (subject to annual cost of living increases and other adjustments), provide medical insurance for the children, and pay their uninsured medical and dental expenses. Defendant was also to pay $300.00 per month as alimony. At all pertinent times defendant was a self-employed clothing salesman. When the 7 March 1985 Consent Order was entered, defendant was receiving a gross monthly salary of $3,612.48 and a net monthly salary of $2,600.14. Defendant also had business expenses of $300.00 per week, leaving him a net disposable income of about $1,400.00 per month.

On 30 October 1996, defendant filed a motion to modify his child support obligation based on a substantial reduction in his income. Plaintiff then filed a motion requesting that the trial court deviate from the North Carolina Child Support Guidelines (the Guidelines) in order to adequately meet the needs of the children. The case was

heard on 9 January 1997. At the time of the hearing, due to cost of living adjustments, defendant was obligated under the Consent Order to pay child support in the amount of $1,116.45 each month, in addition to paying the children's medical expenses. The trial court found that defendant had a gross monthly income of $2,916.00 at the time of the hearing and that defendant was not intentionally depressing his income. The trial court further found that plaintiff's gross monthly income was $2,792.00 and that the total child support obligation for the children pursuant to the Guidelines was $1,072.00. Applying the Guidelines to these facts, the trial court then determined defendant's portion of the child support obligation to be $511.00 per month. Because this amount deviated more than 15% from the amount of child support defendant was paying at the time of the hearing, the trial court granted defendant's motion to decrease his child support obligation based on "a substantial and material change of circumstances . . . ." However, the trial court granted plaintiff's motion to deviate from the Guidelines and ordered defendant to pay $700.00 per month.

**[1]** On appeal, plaintiff first contends the trial court erred by using the 15% presumption contained in the Guidelines to determine that defendant had shown a substantial and material change in circumstances warranting a reduction of his child support obligation. Plaintiff argues that the presumption was intended to apply only where a party seeks to increase an existing child support obligation, and not where a party seeks to decrease an existing child support obligation.

We observe that neither the plain language nor the underlying purpose of the Guidelines supports plaintiff's contention. The Guidelines, as adopted by the Conference of Chief District Court Judges on 1 October 1994, provide that "[i]n any proceeding to modify an existing order which is three years old or older, a deviation of 15% or more between the amount of the existing order and the amount of child support resulting from application of the Guidelines shall be presumed to constitute a substantial change of circumstances warranting modification." Guidelines at 4. The Guidelines were enacted by the Conference of Chief District Court Judges pursuant to the authority granted in N.C. Gen. Stat. § 50-13.4(c1) (1995 & Cum. Supp. 1997). In *Garrison v. Connor*, 122 N.C. App. 702, 705, 471 S.E.2d 644, 646, *disc. review denied*, 344 N.C. 436, 476 S.E.2d 116 (1996), this Court held that the creation of the presumption involved herein is "within the scope of the Conference's legislative mandate to

ensure that application of the Guidelines results in adequate child support awards." We also stated that:

> [I]t is apparent that the inclusion of the 15% presumption in the revised Guidelines was intended to eliminate the necessity that the moving party show change of circumstances by other means when he or she has presented evidence which satisfies the requirements of the presumption. In addition . . . the 15% presumption in the Guidelines provides a much-needed incentive for custodial parents and child support enforcement agencies to periodically review existing child support orders to ensure that they continue to reflect the proper balance between *the needs of the child(ren) and the parents' ability to pay.*

*Id.* at 706, 471 S.E.2d at 647 (emphasis added). Because maintaining a balance between the needs of the children and the parents' ability to pay is of the utmost importance, we hold that the 15% presumption created by the Guidelines applies whether the moving party seeks an increase or decrease in his or her child support obligation.

In the instant case, defendant presented evidence that the Consent Order establishing his child support obligation was more than three years old and that there was a deviation of more than 15% between the amount of child support he was paying at the time of the hearing and the amount of child support resulting from an application of the Guidelines, and the trial court found this evidence to be credible. Because defendant's evidence satisfied the requirements of the presumption, the trial court properly concluded that defendant had shown a "substantial and material change of circumstances" warranting a reduction in defendant's child support obligation.

[2] Plaintiff next contends the trial court failed to make sufficient findings to justify the amount of child support it ordered defendant to pay. Plaintiff argues that "the reason for the deviation is clear, that is the higher actual expenses of the two teen girls. . . . However, the basis for the amount ordered is not clear from the findings." Thus, plaintiff maintains that this case should be remanded to the trial court for additional findings regarding the basis of the amount of child support it ordered defendant to pay.

N.C. Gen. Stat. § 50-13.4(c) (1995 & Cum. Supp. 1997) provides that "[i]f the court orders an amount other than the amount determined by application of the presumptive guidelines, the court shall make findings of fact as to the criteria that justify varying from the

guidelines and the basis for the amount ordered." In the instant case, the trial court found that an application of the Guidelines demonstrated that defendant's child support obligation at the time of the hearing was $511.00 per month. The trial court then granted plaintiff's motion to deviate from the Guidelines and increased defendant's monthly payment to $700.00 per month. While the trial court made extensive findings of fact with respect to the children's needs and the parties' ability to pay, the trial court made no findings with respect to how it arrived at $700.00 as the amount of defendant's child support obligation. We therefore remand this case to the trial court for further findings regarding how it determined the amount of child support it ordered defendant to pay. *See State ex rel. Horne v. Horne*, 127 N.C. App. 387, 390, 489 S.E.2d 431, 433 (1997). The trial court may make such further findings from the evidence of record or receive additional evidence.

Affirmed in part and remanded.

Chief Judge EAGLES and Judge WALKER concur.