BENJAMIN L. LEWIS, Plaintiff v. GINA J. LEWIS n/k/a EVERHART, Defendant

No. COA06-599

(Filed 2 January 2007)

**Child Support, Custody, and Visitation— order changed—prior conclusion that circumstances had not changed**

The trial court erred by changing a prior child support and custody order after concluding that there had not been a showing of a substantial change of circumstances.

Appeal by defendant from orders entered 28 December 2005 by Judge William A. Creech in Craven County District Court. Heard in the Court of Appeals 16 November 2006.

LEWIS v. LEWIS

[181 N.C. App. 114 (2007)]

*Benjamin L. Lewis, pro se.*

*Charles William Kafer, for defendant-appellant.*

LEVINSON, Judge.

Defendant (hereinafter mother) appeals from the trial court's order on child support and custody. We reverse and remand.

The pertinent facts may be summarized as. follows: Plaintiff (hereinafter father) of Craven County, North Carolina and mother, previously of Craven County, were married on 1 January 1994. Two children were born of the marriage, Nathan Cole Lewis, born 22 July 1993, and Elijah Michael Lewis, born 18 March 1996. The parties separated on 10 May 1997 and were subsequently divorced pursuant to an order entered on 17 August 1998. On 26 June 1998, the parties executed a separation agreement which was incorporated in a divorce judgment filed on 17 August 1998. The agreement provided for the parties to have joint custody of the children. The children would reside primarily with mother, and spend every other weekend and summer vacation with father. The agreement further provided that father would pay half of the children's uninsured medical and dental expenses, and $200.00 each month as additional child support to mother.

In July 2001, father married and has another child born of that marriage. Father has been employed by the New Bern Police Department since December 1998. In April 1999 mother married Charles Everhart, a master gunnery sergeant in the United States Marine Corps, and subsequently moved to Yuma, Arizona. Mother and Everhart have two children together. Mother is not employed outside of the home. On 14 August 2000, father filed a motion in the cause seeking a modification of the judgment of 11 August 1998. Father asserted a substantial change or circumstances on the grounds that mother moved to Arizona, and requested changes to his visitation schedule.

A 5 October 2000 consent order concluded a substantial change in circumstances affecting the welfare of the children occurred, and modified the custody and visitation provisions of the 1998 judgment. This consent order continued primary custody of the children with mother, and awarded father secondary custody with the children from the first Monday following the last day of school until the Monday two weeks before the beginning of the next academic school year. Father was also afforded visitation during the children's spring

and fall breaks from school, and the Thanksgiving and Christmas holidays. The consent order also terminated father's obligation to pay $200.00 each month in child support to mother.

On 2 August 2004, mother filed a motion in the cause seeking an order modifying the consent order of 5 October 2000. In her motion, mother asserted that she frequently visits family members in New Bern, North Carolina; that father denied her access to the children when she visited her family in 2004; and that father had visited the children on only eight of the nineteen periods provided for him in the 5 October 2005 order. In addition, mother asserted that father "has not provided adequate support under the facts and circumstances of this case as within the contemplation of North Carolina General Statutes 50-13.4 and 50-13.6." Mother sought, *inter alia*, child support calculated pursuant to the North Carolina Child Support Guidelines; a visitation schedule for father that reflected father's actual history of visitation with the children; and allowance for mother to visit with the children on a limited basis when she visited her family in North Carolina.

In a detailed order filed 28 December 2005, the trial court made many findings concerning, *inter alia*, the history of the case; employment; income; expenses; changes in marital status; and details concerning the children's time with mother and father. The trial court concluded, in pertinent part:

4. That the parties are essentially in relatively the same position as they were at the time of the entry of the Consent Order in October 5, 2000. The needs and welfare of the minor children are basically the same as of October 5, 2000, and they are being met by the parties as provided in the Consent Order of October 5, 2000. The [father], in order to exercise his custody and visitation with the minor children, over a long distance, is required to expend his income for travel and other related expenses as well as provide for the total needs of the children while the minor children are in his custody for the summer.

5. The [mother] has not produced substantial competent evidence showing any substantial and material change in the needs of the parties' minor children justifying any change in the terms of the parties agreement and the Consent Order of October 5, 2000, except as otherwise provided hereinbelow. Therefore, consideration of the parties' respective assets and income between 2000 and 2005 is not necessary.

6. That after consideration of the evidence, the [mother] has not shown that there has been a substantial and material change in the needs of the minor children of the parties warranting a modification of the existing Consent Order of October 5, 2000, except as follows, to wit:

'In addition to defraying the transportation expenses incurred in connection with exercising visitation with his sons, the [father] shall pay child support in the amount of fifty dollars ($50.00) monthly for each minor son for a total of one-hundred dollars ($100.00) monthly and defray all their living expenses during the summer months when they are in the custody of the [father]; said child support to be paid to the [mother] directly while the minor children reside with the [mother] and until each child: 1) attains the age of eighteen (18) years of age, but if the minor has not finished high school as yet, then until completion of the high school year when he reaches eighteen; 2) dies; or 3) becomes emancipated.'

7. That after consideration of the evidence, there has been no showing by the [mother] that there has been a substantial and material change in the circumstances of the parties warranting a modification of the existing Consent Order of October 5, 2000 as it pertains to limiting the [father's] right to visitation during the Fall and Spring school breaks and the Thanksgiving visitation provisions of the Consent Order, except as to summer visitation, as follows:

"the [father] shall arrange for the minor children to stay at the residence of the [mother's] parents one (1) weekend while the minor children are in [father's] physical custody during the summer. The weekend visitation with the [mother] shall be the fourth (4th) weekend after the children have been in the physical custody of the [father] for the summer. This provision allows the [mother] visitation with the minor children during the summer while at the maternal grandparent's residence in Craven County, North Carolina; said weekend visitation will begin at 6:00 p.m. on Friday and end at 6:00 p.m. on the following Sunday."

. . . .

9. The Consent Order of October 5, 2000 was an integrated agreement fashioned by the parties to accomplish goals presented by the [mother's] voluntary move to Yuma, Arizona with the parties'

two (2) minor children, and the Court finds that the parties have been able to work reasonably well together in the past under the terms of the Consent Order. That the needs and the welfare of the minor children were well provided for by the Consent Order.

Consistent with these conclusions, the trial court ordered father to pay $100 monthly in child support, and modified custody as set forth in paragraph 7 above. In addition, the trial court ordered each party to bear its own attorney fees and costs. From this order, mother appeals.

Mother first contends it was error for the court to modify the existing consent order as to custody when it concluded, at the same time, that there had not been any substantial change in circumstances. We agree.

Pursuant to N.C. Gen. Stat. § 50-13.7(a) (2005), "an order of a court of this State for custody of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." "The word custody under the statute also includes visitation." *Savani v. Savani*, 102 N.C. App. 496, 505, 403 S.E.2d 900, 906 (1991) (citing *Clark v. Clark*, 294 N.C. 554, 576, 243 S.E.2d 129, 142 (1978)). This Court has stated:

Once the custody of a minor child is determined by a court, that order cannot be altered until it is determined (1) that there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the best interest of the child. A party seeking modification of a child custody order bears the burden of proving the existence of a substantial change in circumstances affecting the welfare of the child.

*Evans v. Evans*, 138 N.C. App. 135, 139, 530 S.E.2d 576, 578-79 (2000) (internal citations omitted). In addition, "a substantial change in circumstances affecting the welfare of a child must be supported by findings of fact based on competent evidence." *White v. White*, 90 N.C. App. 553, 557, 369 S.E.2d 92, 95 (1988).

Here, the trial court concluded that "there has been no showing by the [mother] that there has been a substantial and material change in the circumstances of the parties warranting a modification of the existing Consent Order of October 5, 2000 as it pertains to limiting the [father's] right to visitation during the Fall and Spring school breaks

and the Thanksgiving visitation provisions of the Consent Order, except as to summer visitation . . . ." (Emphasis added). Thus, the order was modified with respect to custody by providing a weekend visitation with mother one weekend during the summer months. Either a substantial change of circumstances occurred or not. The trial court cannot, on the one hand, conclude there was not a substantial change of circumstances and, at the same time, change the existing order. Mother next contends the trial court erred by modifying the existing child support order by requiring father to pay $100.00 monthly. She contends the trial court (1) failed to consider the North Carolina Child Support Guidelines in evaluating whether a substantial change of circumstances occurred, and (2) improperly modified the existing child support order after concluding there had not been a substantial change of circumstances. We agree.

G.S. § 50-13.7(a) provides that "[a]n order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party. . . ." Under the heading "Modification," the Commentary to the North Carolina Child Support Guidelines provides:

> In a proceeding to modify an existing order that is three years old or older, a difference of 15% or more between the amount of the existing order and the amount of child support resulting from application of the Guidelines based on the parents' current incomes and circumstances shall be presumed to constitute a substantial change of circumstances warranting modification. If the order is less than three years old, this presumption does not apply.

N.C. Child Support Guidelines, 2006 Ann. R. N.C. at 51.

As the trial court's findings of fact reflect, an examination of whether the children's needs have changed is relevant to a determination of whether a parent has made a showing of changed circumstances pursuant to G.S. § 50-13.7(a). See, e.g., Armstrong v. Droessler, 177 N.C. App. 673, 674-75, 630 S.E.2d 19, 21-22 (2006). Where the existing order was entered three or more years earlier, the trial court must also consider, consistent with the N.C. Child Support Guidelines, whether a fifteen percent (15%) increase in father's obligation would occur based upon an application of the child support guidelines. See, e.g., Willard v. Willard, 130 N.C. App. 144, 146-48, 502 S.E.2d 395, 397-98 (1998); Garrison ex rel. Williams v. Connor, 122

N.C. App. 702, 704-06, 471 S.E.2d 644, 645-47 (1996). This mechanism to make a presumptive showing of a change of circumstances (by showing that the application of the ·Guidelines would result in a change in the child support obligation of fifteen percent or more) was first added to the N.C. Child Support Guidelines in 1994. *See* N.C. Child Support Guidelines, 1999 Ann. R. N.C. at 34. Neither the language of the fifteen percent provision in the Child Support Guidelines, nor this Court's application of the same, suggests that the existing child support order must have been based on the Child Support Guidelines before the provision can be employed. *See* *Willard*, 130 N.C. App. at 146-48, 502 S.E.2d at 397-98. We conclude, contrary to the trial court's observation in paragraph 5 above, that the parties' incomes must be considered in this matter to properly evaluate mother's motion to modify child support.

Moreover, like the trial court's error concerning custody, the trial court erroneously changed the existing child support order after concluding that there had not been a showing of a substantial change of circumstances. The trial court concluded that "[mother] has not shown that there has been a substantial and material change in the needs of the minor children of the parties warranting a modification of the existing Consent Order of October 5, 2000 except as [to paying $100.00 monthly]." (Emphasis added). Again, either a substantial change of circumstances occurred or not. The court cannot, on the one hand, conclude there was not a substantial change of circumstances and, at the same time, change the existing order.

On remand, it is within the trial court's discretion whether to receive additional evidence. Moreover, without suggesting how the trial court should rule, we instruct the trial court to reconsider mother's motion for attorney's fees in light of our decision to remand for further proceedings.

Reversed and remanded.

Judges GEER and JACKSON concur.