ROBIN DEANS, Plaintiff
v.
DAVID TERRY, Defendant.
No. COA06-488
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Robert D. McDonnell for Plaintiff-Appellee.
Timothy M. Stokes for Defendant-Appellant.
STEPHENS, Judge.
On 8 November 2005, Mecklenburg County District Court Judge Rebecca T. Tin entered a Judgment and Order determining, inter alia, that Defendant owed Plaintiff $119,292.40 in alimony and child support. Judge Tin further found that Plaintiff was entitled to an order of specific performance. Defendant appeals. We affirm.
Briefly summarized, the evidence in the trial court tended to show that the parties had once been married, and had a single child. At the time of separation, the parties entered into an Agreement to Provide for Custody, Visitation, Child Support and Alimony dated 1 November 1996 ("Agreement"). The Agreement provided for fixed alimony and child support amounts, subject to a proportional increase if Defendant's income exceeded pre-setthresholds. This "escalator clause" was to be applicable to "earned income from employment or the performance of services" and "stock and stock options given in lieu of cash earnings[,]" but explicitly excluded "income from investments such as stocks, bonds, real estate partnerships, bank accounts, certificates of deposit, or other passive investment."
After the separation, Defendant started three business ventures (the "Colby interests") that specialized in investing in emerging technology companies. The businesses were successful, and Defendant sold them off over a period of time. In the meantime, Defendant fell behind in his alimony and child support payments. The parties stipulated that Defendant owed $64,890.04 in arrearages. The trial court also found that Defendant owed an additional $54,402.00 under the Agreement's "escalator clause." The court reasoned that the amounts Defendant received from the sale of the Colby interests constituted "earned income" rather than "investment income."
Defendant first argues that the trial court erred in finding that the amounts he earned from the sale of the Colby interests constituted earned income subject to the "escalator clause" of the Agreement. We cannot agree.
We note that "'[t]his Court is bound by the trial court's findings where there is competent evidence to support them. If different inferences may be drawn from the evidence, [the judge sitting without a jury] determines which inferences shall be drawn,and the findings are binding on the appellate court.'" Cauble v. Cauble, 133 N.C. App. 390, 395-96, 515 S.E.2d 708, 712 (1999) (quotingMonds v. Monds, 46 N.C. App. 301, 302, 264 S.E.2d 750, 751 (1980) (internal citations omitted)). In Cauble, supra, we held that in calculating the father's post-divorce child support obligation, the trial court properly included the retained proportional profits of the family's closely-held corporation in the father's gross income. Cauble, 133 N.C. App. at 396, 515 S.E.2d at 712. We find the reasoning of Cauble to be applicable here.
Defendant argues that his position in the Colby companies was identical to the ordinary investor compiling a portfolio of financial investments. We believe this comparison is misplaced. Rather, as in Cauble, Defendant was an active participant in running a business. Like Cauble, the fact that he used his control to depress his salaried earnings does not obscure his clear ascension to wealth that he was required to share in his child support and alimony obligations. Indeed, Plaintiff here presents a stronger argument than Cauble, because accepting Defendant's argument would permit parties to evade their alimony and child support obligations by the simple stratagem of labeling any earned wealth as "investment" rather than as income, effectively eviscerating child support and alimony agreements. The income here was the result of the active labor efforts of the recipient, rather than the passive income shielded from the "escalator clause."
Active appreciation refers to financial or managerial contributions of one of the spouses to the separate property during the marriage; whereas, passive appreciation refers to enhancement of the value of separate property due solely to inflation, changing economic conditions or other such circumstances beyond the control of either spouse. Furthermore, the party seeking to establish that any appreciation of separate property is passive bears the burden of proving such by the preponderance of the evidence.
O'Brien v. O'Brien, 131 N.C. App. 411, 420, 508 S.E.2d 300, 306 (1998), (internal citations omitted), disc. review denied, 350 N.C. 98, 528 S.E.2d 365 (1999). The trial court analyzed the "escalator clause" provisions appropriately under the O'Brien test, noting that:
All of the monetary gains the Defendant received from the sale of his interests in the Colby business entities were generated by the Defendant's active employment and performance of services for the Colby business entities and such gains are subject to the escalator provisions of the "Agreement."
Since this Court is bound by the trial court's findings where there is competent evidence to support them, Cauble, 133 N.C. App. at 395, 515 S.E.2d at 712, we find that Defendant's argument has no merit. This assignment of error is overruled.
Next, Defendant argues that the trial court erred in excluding the testimony of Wendy Eberly, CPA, who prepared Defendant's tax returns and could have "clarified" his financial status. The trial court excluded Ms. Eberly's testimony as a sanction for Defendant's refusal to cooperate in pretrial discovery. The sanctions were appealed and affirmed in an earlier unpublished opinion of this Court. See Deans v. Terry, 609 S.E.2d 498, 2005 N.C. App. LEXIS 486 (N.C. Ct. App., Mar. 1, 2005). We decline to re-litigate our earlier Deans opinion and the order of sanctions. Therefore, we find that this argument has no merit, and it, too, is overruled.
In his third argument, Defendant contends that the trial court erred in admitting his IRS 1040 for the year 2000, which was clearly marked "Preliminary" and was not signed.
Admission of evidence is "addressed to the sound discretion of the trial court and may be disturbed on appeal only where an abuse of such discretion is clearly shown." Under an abuse of discretion standard, we defer to the trial court's discretion and will reverse its decision "only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision."
Gibbs v. Mayo, 162 N.C. App. 549, 561, 591 S.E.2d 905, 913 (quoting Sloan v. Miller Bldg. Corp., 128 N.C. App. 37, 45, 493 S.E.2d 460, 465 (1997); and White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)), disc. review denied, 358 N.C. 543, 599 S.E.2d 45 (2004).
Under the terms of the parties' Agreement, Defendant was required to provide copies of his Form 1040 tax returns to Plaintiff every year. The trial court found that Defendant did not comply with this requirement from 1997 through the filing of the lawsuit. The trial court further noted that Defendant repeatedly abused the discovery process and refused to comply with relevant orders of the court, and that his conduct "amounted to a fraud upon the Court, and . . . total disregard for the judicial process." Given Defendant's refusal to comply with court orders or the Separation Agreement provisions, we cannot agree that the trial court's reliance on the only available evidence of Defendant's earnings for the year 2000 "could not have been the result of a reasoned decision." This argument, seeking to reward the willful refusal to comply with discovery obligations, has no merit, and is overruled.
Finally, Defendant argues that the trial court erred in granting the remedy of specific performance. We agree that specific performance of a contract is available only where the legal remedy is inadequate. Whalehead Properties v. Coastland Corp., 299 N.C. 270, 261 S.E.2d 899 (1980). However, the question of adequacy is one of fact, to be analyzed and determined in each case. Id. It is not enough that there is some remedy at law; equity will intervene if the legal remedy is not as efficient and practical to meet the plaintiff's needs. Id. We hold that the trial court did not err in determining that Plaintiff was entitled to specific performance, "as she has no adequate remedy at law."
As we stated in Rose v. Rose, 66 N.C. App. 161, 164-65, 310 S.E.2d 626, 629 (1984): "A damage award in this case, defendant being insolvent, will not compensate plaintiff nor compel defendant to perform his part of the bargain. The parties' contract had clear and definite terms." We note that the trial court found that Defendant was deliberately squandering his assets, in the face of his undisputed child support and alimony liabilities. The remedy of specific performance, therefore, does no more than "compel [defendant] to do precisely what he ought to have done without being coerced by the court." McLean v. Keith, 236 N.C. 59, 71, 72 S.E.2d 44, 53 (1952) (citation omitted). In this case, the trial court made extensive findings before ordering specific performance, stating, inter alia, that
2. The Defendant has failed to abide by the provisions of the "Agreement" [relating to child support]. . . .
3. The Defendant has failed to abide by the provisions of the "Agreement" [relating to additional child support]. . . .
4. The Defendant has failed to abide by the provisions of the "Agreement" [relating to additional alimony]. . . .
5. The Defendant has failed to abide by the provisions of the "Agreement" [furnishing his financial and tax documents]. . . .
. . . .
13. The Defendant deliberately depressed his income to an artificial low after the filing of this action. . . .
14. The Defendant deliberately dissipated resources by spending excessive amounts of money on frivolous items for himself.
15. The Defendant has acted in bad faith. . . .
. . . .
17. The Defendant has deliberately avoided his financial responsibilities to the Plaintiff.
18. The Defendant's actions since the filing of this lawsuit have been in deliberate disregard for his support obligations to the Plaintiff. . . .
Given Defendant's refusal to comply with the Agreement as far back as 1997, consistent resistance to discovery, squandering of assets, length of litigation, and documented bad faith, we find no error in the trial court's considered decision that an adequate remedy would not be available at law. This argument has no merit, and it is overruled.
The 8 November 2005 Judgment and Order of Judge Tin is
AFFIRMED.
Judges WYNN and HUDSON concur.
Report per Rule 30(e).
The judges concurred prior to 31 December 2006.