JOSEPH H. BADSTEIN, Plaintiff
v.
JANICE C. BADSTEIN, Defendant.
No. COA08-1176
Court of Appeals of North Carolina.
Filed June 16, 2009
This case not for publication
Walker & Bullard, P.A., by Daniel S. Bullard, for plaintiff-appellant.
Coleman, Gledhill, Hargrave & Peek, P.C., by Leigh A. Peek, for defendant-appellee.
CALABRIA, Judge.
Joseph H. Badstein ("father") appeals from an order awarding child support ("child support order") to Janice C. Badstein ("mother") (collectively referred to as "the parties").[1] We reverse and remand.
The parties were married on 3 July 1994 and separated on 24 October 2002. The parties are parents to two minor children. On 26 January 2003, the parties entered into a "Marital Settlement Agreement" ("settlement agreement"). The settlement agreement provided that father would pay mother $500.00 per month in child support for the two minor children. On 28 April 2003, the settlement agreement was incorporated into a court order. Since the entry of the child support order, the parties orally agreed to two increases of child support payments. One increase to the amount of $600.00 per month and a second increase to the amount of $777.00 per month.
On 26 June 2007, the Orange County Child Support Enforcement Agency filed a motion to intervene to (1) provide child support services and allow redirect of payments to the enforcement agency, (2) provide health insurance for minor children if needed, and (3) subject father to immediate income withholding, tax interception, bank levy and credit reporting. There is no order in the record addressing this motion. However, the child support order contains a finding of fact regarding Child Support Enforcement's investigation and based on this finding, it appears the agency's motion was granted.[2]
On 1 October 2007, mother filed a motion to modify the child support order for an increase in child support to comport with the current Child Support Guidelines amount. Mother alleged a substantial increase in father's income and the needs of the minor children over the past four years.
On 15 January 2008, the trial court held a hearing on mother's motion to modify. The court found: mother's income was $3,175 per month and father was self-employed as a massage therapist with weekly income of $1,125 and monthly business expenses that totaled $669. There was no testimony regarding the children's needs. The only basis argued for a modification to increase child support was mother's allegation that father's income increased and a request for an order to match the amount that should have been paid according to the current child support guidelines. On 21 February 2008, the trial court entered a child support order with one conclusion of law: father's gross income for child support is $971 per week. The trial court ordered father to pay child support in the amount of $910 per month. From this order, father appeals.

I. Timeliness of Appeal
Father filed a notice of appeal on 27 May 2008, more than thirty days from the date the order was entered. In his notice of appeal, father states that the child support order was filed without being served in violation of Rule 58 of the North Carolina Rules of Civil Procedure. No certificate of service for the order appears in the record. Mother does not challenge the timeliness of father's notice of appeal. Without the certificate of service or an affidavit attesting to the date of service of the order, we cannot determine from the record whether father's appeal was timely filed. For this reason, father did not properly preserve his right to appeal. See N.C. R. App. P. 3(c)(2) (2008). Despite this defect, we elect to treat the purported appeal as a petition for writ of certiorari under N.C.R. App. P. 21(a)(1) and reach the merits. See Putman v. Alexander, __ N.C. App. __, __, 670 S.E.2d 610, 614 (Jan. 6, 2009) (No. COA08-306) (dismissing appeal because amended notice of appeal was not timely filed pursuant to Rule 3; but granting defendant's petition for writ of certiorari); see N.C.R. App. P. 21(a)(1) (2008); Anderson v. Hollifield, 345 N.C. 480, 482, 480 S.E.2d 661, 663 (1997) ("Rule 21(a)(1) gives an appellate court the authority to review the merits of an appeal by certiorari even if the party has failed to file notice of appeal in a timely manner."); see also Strong's N.C. Index Appeal & Error § 312 ("Where a party fails to comply with the rules of court governing appeals, . . . the court of appeals . . . may treat a purported appeal as a petition for certiorari.").

II. Standard of Review
The standard of review of a trial court's determination of child support is abuse of discretion. Row v. Row, 185 N.C. App. 450, 461, 650 S.E.2d 1, 8 (2007). "Under this standard of review, the trial court's ruling will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." Biggs v. Greer, 136 N.C. App. 294, 296-97, 524 S.E.2d 577, 581 (2000) (quotation marks and citation omitted). "The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law." Spicer v. Spicer, 168 N.C. App. 283, 287, 607 S.E.2d 678, 682 (2005).

III. Modification of Child Support
Father argues that (1) the trial court failed to make proper findings regarding his gross income minus expenses, (2) failed to make any findings as to whether there was a substantial change in circumstances, and (3) abused its discretion requiring reversal of the order and a judgment in favor of father denying the motion to modify.
"[A]n order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party. . . ." N.C. Gen. Stat. § 50-13.7(a) (2007). "Modification of a child support order involves a two-step process. The court must first determine a substantial change of circumstances has taken place; only then does it proceed to . . . calculate the applicable amount of support." Meehan v. Lawrance, 166 N.C. App. 369, 380, 602 S.E.2d 21, 28 (2004) (quotation omitted). An increase in income alone is not sufficient to prove a change in circumstances to support modification of a child support obligation. Thomas v. Thomas, 134 N.C. App. 591, 595-96, 518 S.E.2d 513, 516 (1999); Greer v. Greer, 101 N.C. App. 351, 355, 399 S.E.2d 399, 402 (1991).
In a proceeding to modify the amount of child support payable under a child support order that was entered at least three years before the pending motion to modify was filed, a difference of 15% or more between the amount of child support payable under the existing order and the amount of child support resulting from application of the guidelines based on the parents' current incomes and circumstances shall be presumed to constitute a substantial change of circumstances warranting modification of the existing child support order.
N.C. Child Support Guidelines, Ann. R. N.C. at 46 (2009).
In addition to considering whether there is a presumptive showing of change of circumstances by application of the N.C. Child Support Guidelines, "an examination of whether the children's needs have changed is relevant to a determination of whether a parent has made a showing of changed circumstances pursuant to [N.C. Gen. Stat.] § 50-13.7(a)."Lewis v. Lewis, 181 N.C. App. 114, 119, 638 S.E.2d 628, 632 (2007); see also Devaney v. Miller, __ N.C. App. __, __, 662 S.E.2d 672, 677, n.8 (July 1, 2008) (No. COA07-788) (noting that showing application of the N.C. Child Support Guidelines would result in a change in child support obligation of fifteen percent or more creates a presumption of change in circumstances "but does not obviate the required statutory showing of a change in circumstances").
"While the trial court is not required to make detailed findings of fact on all evidence presented, we need sufficient findings to determine on appeal the facts the trial court used to support its judgment."New Hanover Child Support Enforcement v. Rains, __ N.C. App. __, __, 666 S.E.2d 800, 802 (Oct. 7, 2008) (No. COA07-1286). The Court of Appeals is bound by the trial court's findings if supported by competent evidence. Cauble v. Cauble, 133 N.C. App. 390, 395-96, 515 S.E.2d 708, 712 (1999). "If different inferences may be drawn from the evidence, [the judge sitting without a jury] determines which inferences shall be drawn[.]" Monds v. Monds, 46 N.C. App. 301, 302, 264 S.E.2d 750, 751 (1980) (internal citations and quotations omitted). As to father's first argument, we conclude it was within the trial court's discretion to rely on father's testimony that his gross income was roughly $1,125 per week rather than his 2005 and 2006 tax returns showing a salary of $12,000 per year plus $14,607.13 in disbursements from his business. Id.; Hodges v. Hodges, 147 N.C. App. 478, 482-83, 556 S.E.2d 7, 10 (2001). Gross income for self-employed individuals is defined as "gross receipts minus ordinary and necessary expenses required for self employment."Ford v. Wright, 170 N.C. App. 89, 99, 611 S.E.2d 456, 462 (2005) (quoting N.C. Child Support Guidelines). The trial court properly entered findings regarding father's gross income and made specific findings as to which business expenses it was considering as necessary expenses to be subtracted from his gross income. Father's first assignment of error is overruled.
Next we consider whether the trial court correctly determined the amount of child support. On this issue, we reverse and remand for further findings. The trial court chose to rely on father's testimony that his gross income is $1,125 per week and his necessary business expenses total $669 per month. Based on these findings, father's monthly income would total $3,831 and his gross weekly income would be $957.75. However, the trial court's order concludes as a matter of law that father's gross weekly income is $971. Notwithstanding the fact that this conclusion of law is really a finding of fact, it is unclear how the trial court calculated this figure. Specific findings of fact are necessary for this Court to determine whether the trial court's order is sufficiently supported by competent evidence. State v. Williams, 179 N.C. App. 838, 839, 635 S.E.2d 495, 497 (2006) (quoting Plott v. Plott, 313 N.C. 63, 69, 326 S.E.2d 863, 868 (1985)).
In addition, the amount of child support ordered does not appear to be supported by the findings. The trial court ordered father to pay $910 per month in child support. However, the trial court made no findings indicating how it determined the amount of child support.[3] Because the child support order does not include findings with respect to how it arrived at $910 as the amount of father's child support obligation, we remand for further findings. See Willard v. Willard, 130 N.C. App. 144, 148, 502 S.E.2d 395, 398 (1998) (remanded order modifying child support for further findings where no findings indicated how the trial court calculated defendant's child support obligation).
We also note the child support order contains other defects. The order refers to father as defendant and mother as plaintiff, although the case caption indicates the reverse. In addition, finding number 17 refers to father as both plaintiff and defendant.[4]
Finally, and most importantly, there are no express findings as to the substantial change in circumstances warranting an increase in child support. Mother contends:
[w]hile the Court in this matter did not make a specific finding or conclusion reciting that the application of the guidelines yielded a greater than 15% increase in an obligation from an order which was more than three years old, this is self-evident from the Findings in the Order and the Worksheet attached.
We disagree. The child support order is devoid of any findings regarding the presumption based on the N.C. Child Support Guidelines. It is not the duty of the appellate court to make findings of fact. Accordingly, remand is necessary for express findings as to the basis for an increase in child support and findings of fact which would support the amount of child support awarded.Diehl v. Diehl, 177 N.C. App. 642, 652-53, 630 S.E.2d 25, 31-32 (2006). "On remand, it is within the trial court's discretion whether to receive additional evidence." Lewis, 181 N.C. App. at 120, 638 S.E.2d at 632.
Reversed and remanded.
Judges Robert C. HUNTER, and ROBERT N. HUNTER, Jr., concur.
Report per Rule 30(e).
NOTES
[1] The child support order refers to plaintiff as "defendant" and defendant as "plaintiff." To avoid confusion, we refer to the parties as "mother" and "father."
[2] Although father assigned error to this finding of fact, he makes no argument regarding the finding of fact in his brief. Assignments of error for which no argument is given are deemed abandoned. N.C. R. App. P. 28(b)(6) (2008).
[3] Attached to the child support order is a child support worksheet indicating how the figure $910 per month was calculated. The figures used to calculate the child support amount in the worksheet differ from the child support order's findings of fact. According to the worksheet, the mother's monthly gross income is $3,305. However, the parties stipulated mother's gross income was $3,175. A similar discrepancy exists regarding father's gross income. According to the child support order, father's monthly gross income is $3,831, but the worksheet lists father's gross income was $4,202. We disagree with mother's contention that the child support order and attached worksheet "are sufficient to illustrate that the Trial Court did employ a two-step process in considering the motion to modify[.]"
[4] Finding number 17 reads: "Based on the Defendant's testimony, this court finds that the Plaintiff sees 15 clients per week and charges $75.00 per session." This finding is supported by father's testimony that he charges between $50 and $75 per session and sees approximately 15 clients per week. Mother did not testify to these facts.