JOE HOLLAND v. MATTHEW D. GRYDER AND DRYMATIC LUMBER SYSTEMS, INC.

No. 8123DC273

(Filed 3 November 1981)

**Venue § 8— motion to change venue for convenience of parties and witnesses — denial not abuse of discretion**

> In an action to recover the balance allegedly due under a contract, the trial court did not abuse its discretion in the denial of defendants' motion for a change of venue from Wilkes County to Buncombe County to promote the convenience of the witnesses and the parties where plaintiff was a resident of Wilkes County and defendants were residents of Buncombe County, and defendants contended that the contract was formed in Buncombe County, that the alledged performance occurred in Buncombe County, that defendants at trial planned to call seven witnesses from Buncombe County whereas plaintiff planned to call five, and that defendants intended to request a jury view of the rejected lumber which is the subject of this controversy and which is located in Buncombe County. G.S. 1-83(2).

APPEAL by defendants from *Davis, Judge.* Judgment entered 14 January 1981 in District Court, WILKES County. Heard in the Court of Appeals 20 October 1981.

The appeal is from an order denying defendants' motion for a change of venue.

Plaintiff initiated an action in Wilkes County to recover the alleged balance due under a contract he had with defendants.

Defendants thereafter moved for a change of venue to Buncombe County, their county of residence. Judge Osborne, scheduled to hear the motion, disqualified himself because of family connections with plaintiff. The motion was then heard by Judge Davis who entered judgment denying defendants' motion.

*Moore and Willardson, by Larry S. Moore, for plaintiff appellee.*

*Horton, Horton and Moore, by Shelby E. Horton, for defendant appellants.*

VAUGHN, Judge.

A ruling on a motion for change of venue is within the sound discretion of the trial judge and is not subject to reversal absent a manifest abuse of discretion. *Construction Co. v. McDaniel,* 40 N.C. App. 605, 253 S.E. 2d 359 (1979). The issue, therefore, is whether defendants have demonstrated such an abuse of discretion. We conclude they have not.

Although defendants moved for a change of venue pursuant to several provisions of law, the only applicable provision is G.S. 1-83. That statute states that the court may change the place of trial in the following cases:

"(1) When the county designated for that purpose is not the proper one.

(2) When the convenience of witnesses and the ends of justice would be promoted by the change.

(3) When the judge has, at any time, been interested as party or counsel.

(4) When motion is made by the plaintiff and the action is for divorce and the defendant has not been personally served with summons."

According to G.S. 1-82, the county in which either party resides is a proper place for the trial to occur. Since plaintiff resides in Wilkes County, G.S. 1-83(1) is inapplicable. G.S. 1-83(3) and (4) likewise fail to apply. There is no evidence that Judge Davis is interested as a party or counsel in this cause, nor is this an action for divorce. We assume, therefore, that defendants moved for a change of venue pursuant to G.S. 1-83(2).

At the hearing on their motion, defendants argued that the contract was formed in Buncombe County, that the alleged performance occurred in Buncombe County, that defendants at trial plan to call seven witnesses from Buncombe County whereas plaintiff plans to call five, and that defendants intend to request a "jury view" of the rejected lumber which is the subject of this controversy and which is located in Buncombe County. Defendants contend that the denial of their motion in the face of such factors amounts to an abuse of discretion. We do not agree.

This Court has stated that a trial court does not manifestly abuse its discretion in refusing to change the venue for trial pursuant to G.S. 1-83(2) "unless it appears from the matters and things in evidence before the trial court that the ends of justice will not merely be promoted by, but in addition demand, the change of venue (G.S. 1-85) or that failure to grant the change of venue will deny the movant a fair trial (G.S. 1-84)." *Construction Co., Inc. v. McDaniel,* 40 N.C. App. at 608-609, 253 S.E. 2d at 361. Defendants have failed to produce such evidence.

Defendants additionally argue that the order is an abuse of discretion because Judge Davis' judgment was "clouded" when he denied the motion. Defendants contend that knowledge of Judge Osborne's reason for recusing himself prejudiced Judge Davis against them and will likewise prejudice any Wilkes County jury. We find absolutely no evidence to support such claims.

The judgment denying defendants' motion for a change of venue is affirmed.

Affirmed.

Judges HILL and WHICHARD concur.