NEW HANOVER CHILD SUPPORT ENFORCEMENT (FORMERLY NEW HANOVER COUNTY DEPARTMENT OF SOCIAL SERVICES) ON BEHALF OF ANN MARIE DILLON, PLAINTIFF v. MICHAEL L. RAINS, DEFENDANT

No. COA07-1286

(Filed 7 October 2008)

**1. Child Support, Custody, and Visitation— support—modification—self-employed business expenses**

The trial court's findings were not sufficient for the appellate court to determine whether the trial court properly applied the Child Support Guidelines where the order did not refer to the self-employed business expenses about which defendant presented evidence.

**2. Child Support, Custody, and Visitation— support—modification—other children**

In a child support modification proceeding, the trial court's findings concerning other children were sufficient.

**3. Child Support, Custody, and Visitation— support—calculation—amounts received for other children—included as income**

The Child Support Guidelines do not exclude from income child support payments for another child. If the Conference of District Court Judges had intended to exclude those amounts, it would have done so.

Appeal by defendant from order dated 4 April 2007 by Judge Rebecca W. Blackmore in New Hanover County District Court. Heard in the Court of Appeals 28 April 2008.

*Johnson, Lambeth & Brown, by Maynard M. Brown and Christopher C. Loutit, for plaintiff-appellee.*

*Fletcher, Ray & Satterfield, L.L.P., by Elizabeth Wright Embrey, for defendant-appellant.*

BRYANT, Judge.

Michael L. Rains (defendant) appeals from an order modifying his child support obligation and requiring him to make child support payments to Ann Marie Dillon (plaintiff) in the amount of $591.00 per month. We remand for additional findings.

## Facts

On 21 December 2006, plaintiff filed a motion to modify a support order on the basis of changed circumstances. The previous support order, entered 25 May 2002, ordered defendant to pay $300.00 per month to plaintiff for child support. On 4 April 2007, the trial court entered a modified order increasing defendant's support obligation to $591.00 per month. Defendant appeals.

---

On appeal, defendant raises two issues: (I) Whether the trial court erred by failing to deduct defendant's business expenses; and (II) whether the trial court erred when calculating defendant's deductions and credits for support obligations for other children.

## Standard of Review

Pursuant to N.C. Gen. Stat. § 50-13.7(a) (2007), "[A]n order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party . . . ." *Id.* "Modification of a child support order involves a two-step process. The court must first determine a substantial change of circumstances has taken place; only then does it proceed to calculate the applicable amount of support." *Meehan v. Lawrance*, 166 N.C. App. 369, 380, 602 S.E.2d 21, 28 (2004) (citation omitted).

### I

[1] Defendant argues the trial court erred by failing to deduct business expenses when calculating his monthly gross income because he is self-employed. We agree.

The Child Support Guidelines define gross income from self-employment or operation of a business as "gross receipts minus ordinary and necessary expenses required for self-employment or business operation." N.C. Child Support Guidelines 2007, Ann. R. N.C. 49. Under the Guidelines, "ordinary and necessary" expenses do not include those "determined by the court to be inappropriate for determining gross income for the purposes of calculating child support." *Id.* Additionally, "the Guidelines vest the trial court with the discretion to disallow the deduction of any business expenses which are inappropriate for the purposes of calculating child support[.]" *Kennedy v. Kennedy*, 107 N.C. App. 695, 700, 421 S.E.2d 795, 798 (1992). "It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determina-

tion of whether there was a clear abuse of discretion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

In the present case, the trial court's order contains no reference to the $32,887.64 defendant claimed as business expenses in 2006. Although the trial court found that "defendant is self-employed with income determined to be $5,083.62 per month," it made no findings regarding defendant's business expenses. The trial court's determination of defendant's monthly income was based on the testimony of Katherine Call, the child support enforcement agent assigned to the case, who testified that deposits to defendant's personal account during 2006 totaled $61,003.48. However, the trial court merely divided the total amount deposited into defendant's personal account by twelve months to determine defendant's gross monthly income.

Although defendant presented evidence that he often used his personal account to cover business expenses and defendant submitted receipts to corroborate his testimony, the trial court made no findings regarding the evidence presented. While the trial court is not required to make detailed findings of fact on all evidence presented, we need sufficient findings to determine on appeal the facts the trial court used to support its judgment. We can speculate, based on comments made by the trial court during the presentation of evidence, that the trial court may have had issue with the credibility of defendant's testimony; however, speculation is not sufficient to affirm the trial court's order. Without more, the findings made by the trial court are insufficient for this Court to determine whether the trial court properly applied the Guidelines. *Cauble v. Cauble*, 133 N.C. App. 390, 400, 515 S.E.2d 708, 714 (1999) (holding findings insufficient where trial court's findings did not reference the defendant's business losses). Therefore, we must remand to the trial court to make appropriate findings in accordance with this opinion.

*II*

Defendant next argues the trial court abused its discretion when: (a) determining the parties' deductions for other children in their respective homes; and (b) including child support payments received by the parties for other children in determining the parties' respective gross incomes.

*(a)*

[2] Defendant argues the trial court erred by failing to make sufficient findings regarding the child support payments deducted from

the parties' gross income for the other child residing in their homes. We disagree.

In child support cases, when a parent has additional children living in his or her home, "[the] parent's financial responsibility . . . for his or her natural or adopted children who currently reside with the parent . . . is deducted from the parent's gross income." N.C. Child Support Guidelines 2007, Ann. R. N.C. 50. The parent's financial responsibility for the children who currently reside with the parent "is (a) equal to the basic child support obligation for these children based on the parent's income if the other parent of these children does not live with the parent and children[.]" *Id.*

In this case, both plaintiff and defendant bear financial responsibility for one other child residing in their respective homes. Although defendant argues the trial court's order does not contain sufficient findings of fact, "the trial judge is not required to make detailed findings of fact upon every item of evidence offered at trial." *Smith v. Smith*, 89 N.C. App. 232, 235, 365 S.E.2d 688, 691 (1988). Here, the trial court found that both parties had one other biological child residing in their respective homes. Also, the worksheet referenced in the trial court's order indicates both plaintiff and defendant received a deduction based on the financial responsibility for the other child in their respective homes. The trial court's findings were sufficient in calculating the deductions each party received for the child residing in their home.[1] Therefore, this assignment of error is overruled.

*(b)*

[3] Defendant argues the trial court erred by including in both parties' gross income child support payments received for other children. We disagree.

Under the Guidelines, income is defined as

a parent's actual gross income from any source, including but not limited to income from employment or self-employment (salaries, wages, commissions, bonuses, dividends, severance pay, etc.), ownership or operation of a business, partnership, or corporation, rental property, retirement or pensions, interest, trusts, annuities, capital gains social security benefits, workers compensation benefits, unemployment insurance benefits, disability pay

---

1. We note, however, the amount credited the defendant is subject to change once the trial court makes appropriate findings regarding defendant's business expenses.

and insurance benefits, gifts, prizes and alimony or maintenance received from persons other than the parties to the instant action.

N.C. Child Support Guidelines 2007, Ann. R. N.C. 49.[2]

Defendant argues, by including child support payments received for one child who resides in the home as income when calculating the support obligations for another child, the income designated for the child who resides in the home is effectively reduced. Although defendant's argument is not without merit, based on the rules of statutory construction, we hold the Guidelines do not exclude child support payments from income.

We rely on the general rule of statutory construction that the inclusion of certain items implies the exclusion of others. *See Alford v. Shaw*, 327 N.C. 526, 534-35, 398 S.E.2d 445, 449 (1990). Set out in the Guidelines is a list of monetary sources that are specifically excluded from a parent's income. The excluded sources are benefits received from "means-tested public assistance programs including but not limited to Temporary Assistance to Needy Families (TANF), Supplemental Security Income (SSI), Food Stamps and General Assistance." N.C. Child Support Guidelines 2007, Ann. R. N.C. 49. The Guidelines do not exclude any other monetary sources from income.

As an example of other monetary sources *included* in income, the Guidelines provide that Social Security benefits received on behalf of a child are included as income to the parent who receives the benefits when determining child support for another child. However, once the child support obligation has been determined, the Social Security benefits are deducted from that parent's support obligation. Much like child support payments, these Social Security benefits are received for the benefit of the child to ensure that the child receives adequate care. Yet, the Conference of Chief District Judges (the Conference), by authority given pursuant to N.C. Gen. Stat. § 50-13.4, decided to include the Social Security benefits as income for the purpose of calculating child support obligations. Presumably, to counteract the potential detriment to the child for whom benefits are received, the Guidelines allow the Social Security benefits to be deducted from the receiving parent's total child support obligation. Notably, this deduction is similar to the deduction parents are given for children who reside in their home.

---

2. The Conference of Chief District Court Judges is tasked with the duty of prescribing uniform statewide presumptive guidelines for the computation of child support obligations. N.C. Gen. Stat. § 50-13.4 (c1) (2007).

The approach taken by the Conference as to Social Security Benefits received on behalf of a child may serve as an example of how to approach the issue of whether to include child support payments for another child as part of the parent's income. The decision of the Conference to include Social Security payments intended to benefit one child as income when calculating the support of another child creates the same scenario as defendant's argument—that is, payments received on behalf of one child are included in income when calculating the support obligations for another child thereby effectively reducing the amount of income to that child.

Applying the general rules of construction to interpret the Guidelines, we must conclude that had the Conference intended to exclude child support payments received for other children from income, it would have done so. *See Alford*, 327 N.C. at 534-35, 398 S.E.2d at 449 (the inclusion of certain things implies the exclusion of others). Thus, we must hold the Guidelines as written do not exclude child support payments from income. The trial court did not err by including as income the child support payments both parties received on behalf of children residing in their respective homes.

Despite our holding, we are inclined to agree with defendant that including child support payments received for one child as income when calculating the support obligations for another child effectively reduces the amount of income available to the child for whom child support is received. We note, after reviewing the child support guidelines for a number of states, the majority of states reviewed have excluded from income child support received for one child when determining the support obligations for another child. *See, e.g.*, GA. CODE ANN. § 19-6-15(f)(2) (2007) (excluding child support payments received for the benefit of a child of another relationship). We would urge the Conference to closely consider the effects of including child support payments received on behalf of a child residing in the home as income and clearly indicate in the Guidelines how child support payments should be addressed when calculating payments for another child residing outside of the home.

For the foregoing reasons, the order of the trial court is affirmed in part and remanded in part.

Affirmed in part, remanded in part.

Chief Judge MARTIN and Judge ARROWOOD concur.