ORANGE COUNTY EX REL. DOROTHY CLAYTON (PATTISON), PLAINTIFF V.
JONATHAN LEE HAMILTON, DEFENDANT

No. COA11-113

(Filed 5 July 2011)

**1. Judges— ex parte communication—proposed order**

Use of a counsel's proposed order that was requested by the court as the final order did not constitute an improper *ex parte* communication.

**2. Civil Procedure— order entered out of session—no objection at trial**

The trial court did not improperly enter an order out of session. Entry of orders out of session is allowed by N.C.G.S. § 1A-1, Rule 6(c), and defendant did not object at trial.

**3. Venue— motion for change—denied—use of permanent mailing address as legal address**

The trial court did not abuse its discretion by denying a motion for a change of venue in a child support dispute where the original action began in Orange County, defendant was living with her father, she had moved a number of times, and resided in Wake County at the time of the motion. The trial court was within its discretion to determine that her permanent mailing address (Orange County) remained her legal address.

**4. Child Custody and Support— support for children of later marriage—no change of circumstances or income**

Child support payments for children of a later marriage did not evidence a substantial change in plaintiff's circumstances or income.

**5. Child Custody and Support— health insurance—no increased cost—no credit**

The trial court did not err in a child support dispute by not giving defendant credit for medical insurance purchased for the minor child. Defendant incurred no additional cost in covering the child on his wife's health insurance policy and defendant's coverage was unnecessary because plaintiff had been providing coverage.

Appeal by Defendant from order dated 27 July 2010 and filed 11 August 2010 by Judge Joseph M. Buckner in Orange County District Court. Heard in the Court of Appeals 6 June 2011.

*Leigh A. Peek, Esq., Counsel for Orange County Child Support Enforcement, for Plaintiff.*

*Jonathan Hamilton, pro se.*

STEPHENS, Judge.

### Procedural History

This matter arises out of a child support dispute between Defendant Jonathan Hamilton and Plaintiff Orange County *ex rel.* Dorothy Clayton Pattison ("Pattison"). Defendant and Pattison are the parents of a minor child born 12 November 2003 but were never married. On 22 March 2004, Defendant entered into a Voluntary Support Agreement to provide support for the child, agreeing to pay $245.00 per month and to provide health insurance. In 2006, Defendant agreed to increase the payments to $500.00 per month, plus $100.00 per month to pay down an arrearage totaling $4,400.00. In 2009, the Orange County Child Support Enforcement ("OCCSE") office, on behalf of Pattison, sought another increase, based on the child's increased needs and Defendant's increased income. In November 2009, the court increased Defendant's payments to $711.00 per month plus $25.00 per month toward an arrearage totaling $1,100.00. In December 2009, the OCCSE filed a Notice of Income Withholding with Defendant's employer. In April 2010, Defendant sought a downward modification of child support, a change of venue, and reinstatement of direct child support payments to avoid the consequences of his employer's delayed payments to the State's Centralized Collections office. The trial court heard the matter on 9 June 2010.[1]

The trial court took oral testimony, and then asked Defendant and Plaintiff to submit written summaries and proposed orders on the child support modification request. On 11 June 2010, Defendant's counsel submitted his letter and proposed order to the trial court, and copied the other counsel of record. On 16 June 2010, the OCCSE, through Plaintiff's counsel, submitted a letter and proposed order to the trial court, also copying opposing counsel. The trial court signed

---

1. Plaintiff filed a Motion for Contempt, also heard at this hearing, alleging that Defendant had failed to make his child support payment for January, or pay medical expenses in arrears. The trial court found that Defendant had a delinquency in his payments, but the record did not show a pattern of nonpayment rising to the level of willful contempt.

Plaintiff's proposed order on 27 July 2010 and filed the order on 11 August 2010. Defendant appealed to this Court.

After filing the agreed-upon Record on Appeal, Defendant sought to supplement the Record pursuant to Rule of Appellate Procedure 11(c), but the supplement was stricken by order of this Court after Plaintiff filed a Motion for Sanctions. Plaintiff later submitted a Rule 9(b)(5)(a) supplement, which included copies of the letters and proposed orders submitted to the trial court. Those letters and orders were absent from the Record on Appeal as originally submitted by Defendant. Defendant moved for sanctions on 16 May 2011. After careful review of Plaintiff's supplement and Defendant's motion, we agree with Plaintiff that the materials in Plaintiff's supplement are necessary for Plaintiff's response to arguments raised in Defendant's brief. Therefore, we deny Defendant's motion.

### Discussion

On appeal, Defendant argues that the trial court's order was the fruit of *ex parte* communication with Plaintiff's counsel. He also argues that the trial court erred by entering the order out of session and by denying Defendant's request for change of venue. Finally, Defendant argues that the trial court's denial of his motion for downward modification of child support was not supported by the evidence. For the reasons discussed herein, we affirm the trial court's order.

### Ex Parte Communication

[1] Defendant first argues that the trial court improperly considered *ex parte* communication with Plaintiff's counsel in using counsel's proposed order as the final order in the case and relying on counsel's argument to deny Defendant's request for change of venue. We disagree.

This Court has previously held that proposed orders submitted to the trial court are proper for the court to request, and consider. "Nothing in [N.C. Gen. Stat. § 1A-1, Rule 58] or common practice precludes the trial court from directing the prevailing party to draft an order on its behalf. Instead '[s]imilar procedures are routine in civil cases[.]' " *In re J.B.*, 172 N.C. App. 1, 25, 616 S.E.2d 264, 279 (2005) (citations omitted).

Defendant's efforts to paint Plaintiff's counsel's proposed order as improper *ex parte* communication also flies in the face of North Carolina State Bar Formal Ethics Opinion 13, which addresses "whether a lawyer [may] communicate in writing with a judge or other judicial official about a proceeding that is pending before the judge or judicial

official[.]" *Dunn v. Canoy,* 180 N.C. App. 30, 45, 636 S.E.2d 243, 253 (2006) (citing N.C. St. B. 98 Formal Ethics Op. 13 (July 23, 1999), *disc. review denied,* 361 N.C. 351, 645 S.E.2d 766 (2007). That opinion "acknowledges that a broad reading of the applicable ethics rules would permit 'unlimited written communications' so long as a copy is simultaneously provided to the other parties and the communication is not 'prejudicial to the administration of justice.' " *Id.* The opinion goes on to note that "[t]o avoid the appearance of improper influence upon a tribunal, informal written communications with a judge . . . should be limited" to four types, including, *inter alia,* written communications, such as a proposed order or legal memo prepared pursuant to the court's instructions, and written communications sent to the tribunal "with the consent of the opposing lawyer." *Id.*

In the instant case, the allegedly improper *ex parte* communication was requested at the hearing by the trial court. It was also requested of both parties' counsel. Although Defendant now claims that the trial court's request for submission of proposed orders was made "over Defendant's objection," our review of the transcript indicates that although Defendant's trial counsel remarked, "my client really hates the written thing [submitting the letter and proposed order]," he did not formally object.

Because our statutes and case law clearly allow for the common trial court practice of requesting parties to prepare orders, and because copies of the orders here were provided to Defendant via his trial counsel, we overrule Defendant's argument.

### Entry of Order Out of Session

[2] Defendant next argues that the trial court's order was improperly entered out of session. We disagree.

Rule 6(c) of the North Carolina Rules of Civil Procedure provides:

> The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a session of court. The continued existence or expiration of a session of court in no way affects the power of the court to do any act or take any proceeding, but no issue of fact shall be submitted to a jury out of session.

N.C. Gen. Stat. § 1A-1, Rule 6(c) (2009). In *Feibus & Co. v. Godley Constr. Co.,* our Supreme Court interpreted Rule 6(c) broadly when it affirmed a judge's order, written out of term, at his home, outside the district. 301 N.C. 294, 305, 271 S.E.2d 385, 392 (1980). The Court explained that:

Rule 6(c) of the Rules of Civil Procedure provides that the expiration of a session of court has no effect on the court's power 'to do any act or take any proceeding.' This rule clearly allows a written order to be signed out of term, especially when such an act merely documents a decision made and announced before the expiration of the term.

*Id.* (internal citation omitted).

Further, under Rule 58, the signing and entry of judgment out of term or session is expressly allowed "unless an express objection to such action was made on the record prior to the end of the term or session at which the matter was heard." N.C. Gen. Stat. § 1A-1, Rule 58 (2009). Here, no such objection was made by Defendant at trial and entry of the order out of session was proper. Accordingly, we overrule this argument.

### Change of Venue

**[3]** Defendant also argues that the trial court abused its discretion in denying his motion for a change of venue. Specifically, he contends the trial court erred in "concluding that Defendant's legal residence was Orange County when the address where Ms. [Pattison] receives some of her mail does not establish her legal residence for purposes of determining proper venue in a child support enforcement case." We are not persuaded.

Rulings on motions for change of venue are "within the sound discretion of the trial judge and . . . not subject to reversal absent a manifest abuse of discretion." *Holland v. Gryder*, 54 N.C. App. 490, 491, 283 S.E.2d 792, 793 (1981).

In child support and custody cases, the original trial court "retains jurisdiction to the exclusion of all other courts and is the only proper court to bring an action for the modification of an order establishing custody and support." *Brooker v. Brooker*, 133 N.C. App. 285, 288, 515 S.E.2d 234, 237 (1999) (quoting *Tate v. Tate*, 9 N.C. App. 681, 682-83, 177 S.E.2d 455, 457 (1970)). In child support and custody cases, "[i]t is elementary law that the residence of the parties at the time of the institution of the action is controlling, and venue is not affected by a subsequent change of residence of the parties." *Bass v. Bass*, 43 N.C. App. 212, 215, 258 S.E.2d 391, 393 (1979).

Here, the original child custody and support action began in Orange County, where Pattison then resided with her father. She has since moved a number of times, and currently resides in Wake

County, in the town of Wake Forest. The trial court was within its discretion to determine that Pattison's permanent mailing address remains her legal address. For these reasons, we overrule Defendant's argument regarding change of venue.

## Denial of Motion for Downward Modification

[4] Finally, Defendant argues that the trial court's denial of his Motion for a Downward Modification of Child Support was not supported by the evidence. Contrary to the order, Defendant argues, there had been a substantial and material change of circumstances warranting a downward modification. In particular, Defendant argues that Pattison's income should have been calculated to include child support she receives for her three other children from a later marriage, and that the trial court erred in failing to give him credit for the cost of medical insurance coverage he carried for his child. We disagree.

We review a trial court's child support orders for abuse of discretion. *Holland v. Holland*, 169 N.C. App. 564, 567, 610 S.E.2d 231, 233 (2005) (internal citations omitted). "[A]n order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party." N.C. Gen. Stat. § 50-13.7(a) (2009). Modification of child support is a two-step process. "A trial court 'must first determine a substantial change of circumstances has taken place; only then does it proceed to apply the [North Carolina Child Support] Guidelines to calculate the applicable amount of support.'" *Armstrong v. Droessler*, 177 N.C. App. 673, 675, 630 S.E.2d 19, 21 (2006) (citing *McGee v. McGee*, 118 N.C. App. 19, 26, 453 S.E.2d 531, 536, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 189 (1995)). The party seeking modification "assume(s) the burden of showing that circumstances (have) changed." *Crosby v. Crosby*, 272 N.C. 235, 237, 158 S.E.2d 77, 79 (1967). If the party seeking the modification fails to convince the court that there has indeed been a substantial change in circumstances since the last order, then the court has no authority to modify the order. *Lewis v. Lewis*, 181 N.C. App. 114, 120, 638 S.E.2d 628, 632 (2007).

Here, Defendant cites Pattison's child support payments for her three children from a later marriage as evidence of a substantial change in her income, or "circumstances." He relies on this Court's holding in *New Hanover Child Support Enforcement v. Rains* that "the [North Carolina Child Support] Guidelines do not exclude child support payments from income." 193 N.C. App. 208, 212, 666 S.E.2d 800, 803 (2008). However, Defendant's reliance on *Rains* is incom-

plete and misleading. In *Rains*, the Court notes that child support "income" may be presumed to be "equal to the basic child support obligation" for the child or children for whom it is received, and therefore must be balanced against those expenses. *Id.* at 211, 666 S.E.2d at 802. Far from endorsing the use of child support as income, the Court in *Rains* went so far as to urge the Conference of Chief District Court Judges, which has authority over the Guidelines, to consider the route taken in the majority of other states, which have "excluded from income child support received for one child when determining the support obligations for another child." *Id.* at 213, 666 S.E.2d at 803.[2] *See, e.g.,* Ga. Code Ann. § 19-6-15(f)(2) (2007).

**[5]** Defendant's argument that the trial court erred in failing to give him credit for medical insurance coverage purchased for the minor child is similarly unpersuasive. Under North Carolina's Child Support Guidelines, "[w]hen a child for whom support is being determined is covered by a family policy, only the health insurance premium actually attributable to that child is added. If this amount is not available or cannot be verified, the total cost of the premium is divided by the total number of persons covered by the policy." N.C. Child Supp. Guidelines, AOC-A-162 Rev. 10/06, 4. Defendant argues that, per his original child support order in 2004, he has maintained insurance for the child at $130 per month, a sum he believes should be deducted from his child support obligation. However, the trial court determined that Defendant had incurred no additional cost in covering the child on his wife's health insurance policy, which also covered her son from a previous marriage. No documentation about the insurance, from either side, is included in the Record on Appeal. Moreover, the trial court found that Defendant's insurance coverage of the child was "unnecessary" because Pattison had been providing coverage for the child on her Blue Cross policy.

In the end, both of Defendant's arguments that a substantial change in circumstance has occurred fall short. Therefore, the order of the trial court is

AFFIRMED.

Chief Judge MARTIN and Judge THIGPEN concur.

---

2. The Conference appears to have taken the Court's advice; the 2011 Child Support Guidelines specifically disallow consideration of "child support payments received on behalf of a child other than the child for whom support is being sought in the present action." N.C. Child Supp. Guidelines, AOC-A-162 Rev. 01/11, 2.